UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 10-22986-CIV-LENARD
                                     (02-20378-CR-LENARD)
                              MAGISTRATE JUDGE P.A. WHITE

BIENVENITO JUAN RUIZ            :

        Movant,                 :         REPORT OF
                                       UNITED STATES MAGISTRATE
v.                              :

UNITED STATES OF AMERICA,       :

        Respondent.             :
_____

The pro- se movant, Bienvenito Ruiz filed a motion to reduce sentence in his criminal case (DE#234) on April 19, 2010, pursuant to Fed.R.Civ.P. 60(b).[1] The motion was referred to the Undersigned Magistrate Judge, and opened as a motion to vacate, attacking his conviction in case no. 02-20378-Cr-Lenard.

This is a successive motion to vacate pursuant to 28 U.S.C. §2255. [2] On April 24, 1996, the habeas corpus statutes were  On

_____

[1] A petitioner's Rule 60(b) motion to reopen the judgment can be regarded as a second or successive application for purposes of Antiterrorism and Effective Death Penalty Act. (AEDPA). See: Gonzalez v. Crosby, 545 US 524 (2005).

[2] Federal Rule Civil Procedure 60(b) provides in sum the following six bases for relief: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. The petitioner fails to establish relief pursuant to the Rule. Petitioner's claim that his sentence was unlawfully enhanced does not satisfy the requirements of Rule 60(b).

April 24, 1996, the habeas corpus statutes were amended. Included in the new amendments is a change in 28 U.S.C. §2244, which now reads as follows:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus except as provided in section 2255.
>
> \* \* \*
>
> (b)(3)(A) <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>.
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
> (E) The grant or denial of an authorization by a court of appeals to file a

> second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
> (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.
>
>    * * *

(Emphasis added.)

On the same day, April 24, 1996, 28 U.S.C. §2255 was amended in relevant part to provide the following:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The pro-se movant filed a prior motion to vacate, attacking his conviction and sentence in case no 02-20378-Cr-Lenard for various drug offenses. The motion, assigned Case No. 05-22318-Civ-Lenard was denied on May 3, 2006. The denial was affirmed on appeal to the Eleventh Circuit on October 5, 2007, Case No. 06-13757.

The movant is claiming that the use of his prior convictions to enhance his federal sentence in case no. 02-20378-cr-Lenard constitutes error. To pursue this claim, the movant must obtain permission to file a successive petition.

If the movant intends to pursue this case, he should forthwith apply to the United States Eleventh Circuit Court of Appeals for the authorization required by 28 U.S.C. §2244(b)(3)(A). The movant will be provided with a form to apply for such authorization with this report.

It is therefore recommended as follows:

1. This motion to vacate be dismissed as successive.

2. Order DE#7, seeking a response to a Castro order be vacated. The Order was sent in error, as the petitioner had filed a prior 2255 motion, and the Castro order is therefore not required.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 25th day of October, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

```
cc:   Bienvenito Ruiz, Pro Se
      Reg 14970-004
      Federal Correctional Institution
      Coleman, FL
      Address of record
```